# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

EMILY MCDUFFIE,      ]
                    ]
      **Plaintiff,**    ]
                    ]
**vs.**                  ]     **Case No:**
                    ]
**DAVIDSON TRANSIT**  ]     **JURY DEMAND**
**ORGANIZATION d/b/a WE GO**  ]
**TRANSIT,**          ]
                    ]
      **Defendants.**

---

## COMPLAINT

---

Comes now the Plaintiff, Emily McDuffie, by and through counsel and for cause of action will respectfully show to the Court as follows:

## JURISDICTION and VENUE

1.    This action involves the application of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, *et. seq.*

2.    This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

3.    The claims asserted in this action arose in Davidson County, Nashville, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITES

4.    Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on April 4, 2024, and received by Plaintiff on April 4, 2024, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

5.     Emily McDuffie ("Ms. McDuffie" or "Plaintiff"), is an adult female individual and citizen of the United States who resides in La Vergne, Tennessee.

6.     At all relevant times, Plaintiff was an employee of Defendant Davidson Transit Organization d/b/a We Go Transit ("Defendant" or "Davidson") within the meaning of the Americans with Disabilities Act, as Amended ("ADA"), 42 U.S.C. § 12101, *et seq.*

7.     Defendant is a domestic, for profit corporation or similar business entity and regularly conducts business at 430 Myatt Drive, Madison, TN 37115.

8.     At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 42 U.S.C. § 12101, the Americans with Disabilities Act.

9.     Defendant is an employer within the meaning of the ADA.

## FACTUAL ALLEGATIONS

10.     Ms. McDuffie began working for Defendant in March 2022 as a Driver.

11.     Ms. McDuffie performed her job duties without issue and never received any negative performance reviews.

12.     In February 2023, Ms. McDuffie was in a car accident and sustained serious injuries to the entire right side of her body.

13.     In order to treat Ms. McDuffie's injuries, her doctor prescribed multiple pain medications and physical therapy.

14.     Ms. McDuffie's injuries, in their unmitigated form, substantially interfered with the major life activities of walking, standing, bending, twisting, lifting, and pulling.

15. In order to continue working, Ms. McDuffie refrained from utilizing any prescribed narcotic pain medications that would have precluded her from operating a motor vehicle.

16. Ms. McDuffie exclusively took non-narcotic pain medication as prescribed.

17. Specifically, Ms. McDuffie's doctor prescribed Meloxicam to take as needed for pain.

18. In or around April 2023, Defendant required Ms. McDuffie to take a drug test as a condition of her employment.

19. Ms. McDuffie's drug test returned a positive result for marijuana.

20. At no time during Ms. McDuffie's employment did Ms. McDuffie use any marijuana products.

21. Upon receiving this result, Ms. McDuffie's doctor wrote her a note to clarify that one of her non-narcotic pain medications can cause false positives for marijuana.

22. Despite providing the doctor's note, Defendant required Ms. McDuffie to enter a drug treatment program.

23. Ms. McDuffie complied and completed the program.

24. After the program concluded, Defendant required Ms. McDuffie to take another drug test which did not return a positive result for marijuana, as she had discontinued her use of the medication.

25. Ms. McDuffie then returned to work and resumed her prescribed use of Meloxicam.

26. Defendant again drug tested Ms. McDuffie, at which time she retuned a positive result for marijuana.

27.     Ms. McDuffie again referred back to her doctor's note.

28.     On July 3, 2023, Defendant terminated Ms. McDuffie citing the results of her drug tests.

29.     Defendant terminated Ms. McDuffie due to her disability and/or perceived disability, in direct violation of the ADA.

30.     Any other reasons proffered by Defendant are pretext.

## COUNT I – VIOLATION OF THE ADA, 42 U.S.C. § 12101, *et seq.*
## (DISCRIMINATION)

31.     Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

32.     Plaintiff was a qualified individual with a disability and/or was perceived as an individual with a disability.

33.     Plaintiff was disabled in that she had physical and mental impairments which substantially limited one or more major life activities and/or major bodily functions.

34.     Defendant regarded Plaintiff as disabled by perceiving her as having an impairment, whether or not the impairment limits or is perceived to limit a major life activity.

35.     Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, *et seq*.

36.     Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

37.     Defendant was aware of Plaintiff's disabilities.

38.     Defendant took adverse employment actions against Plaintiff because of her disabilities and/or perceived disabilities.

39.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

40.     As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT II – VIOLATION OF AMERICANS WITH DISABILITIES ACT
## (FAILURE TO ACCOMMODATE)

41.     Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

42.     Plaintiff was disabled in that she had a serious injury that substantially limited the major life activities of walking and standing.

43.     Plaintiff was reasonably qualified for her position, with or without a reasonable accommodation.

44.     Defendant was aware of Plaintiff's disability.

45.     Plaintiff made multiple requests for reasonable accommodations to Defendant that would not have caused an undue hardship to Defendant.

46.     Defendant failed to provide the necessary accommodations to Plaintiff.

47.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

48.     As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT III– VIOLATION OF THE ADA, 42 U.S.C. § 12101, *et seq.*
## (RETALIATION)

49.     Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

50.     Plaintiff was a qualified individual with a disability and/or was perceived as an individual with a disability.

51.     Plaintiff was disabled in that she had physical impairments which substantially limited one or more major life activities and/or major bodily functions.

52.     Defendant regarded Plaintiff as disabled by perceiving her as having an impairment, whether or not the impairment limits or is perceived to limit a major life activity.

53.     Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, *et seq.*

54.     Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

55.     Defendant was aware of Plaintiff's disabilities.

56.     Defendant took adverse employment actions against Plaintiff because of her disabilities.

57.     Defendant took adverse employment actions against Plaintiff in retaliation for her requests for reasonable accommodations.

58.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

59.     As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**WHEREFORE**, Plaintiff requests this court to enter judgment in favor of the Plaintiff and against Defendant, for:

(1)     all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff;

(2)     a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(3)     a tax offset to neutralize the tax burden of any award;

(4)     attorney's fees, interest and costs; and

(5)     any such other legal or equitable relief as may be appropriate or to which she may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT AND COMMERCE LAW GROUP**

**/s/ *Lauren Irwin*** 
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
**EMILY COSTANZO, BPR No. 041447**
1718 Church St,, #330549
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*