IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EMILY MCDUFFIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:24-cv-00790 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| DAVIDSON TRANSIT ORGANIZATION, | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Pending before the Court is Defendant Davidson Transit Organization's ("Defendant") Amended Motion to Dismiss (Doc. No. 18). Plaintiff Emily McDuffie ("Plaintiff") filed a response in opposition (Doc. No. 21), and Defendant filed a reply (Doc. No. 22). For the reasons below, the motion will be **GRANTED** in part and **DENIED** in part.

### I. FACTUAL BACKGROUND

Plaintiff began working for Defendant as a driver in March 2022. (Am. Compl. ¶ 10). Plaintiff performed her job duties satisfactorily and never received any negative performance reviews. (*Id.* ¶ 11). In February 2023, Plaintiff was involved in a car accident and sustained serious injuries to the right side of her body. (*Id.* ¶ 12). Her injuries substantially interfered with the major life activities of walking, standing, bending, twisting, lifting, and pulling. (*Id.* ¶ 14). To treat her injuries, Plaintiff's physician prescribed various pain medications and physical therapy. (*Id.* ¶ 13). To continue working for Defendant, Plaintiff refrained from utilizing any of the prescribed narcotic medications that would have rendered her unable to operate a motor vehicle. (*Id.* ¶ 15). Plaintiff took exclusively non-narcotic medication as prescribed. (*Id.* ¶ 16). In April 2023, Defendant

required Plaintiff to take a drug test as a condition of her employment. (*Id.* ¶ 18). Plaintiff's drug test returned a positive result for marijuana. (*Id.* ¶ 19). During her employment, Plaintiff did not use any marijuana products. (*Id.* ¶ 20). Plaintiff's physician wrote her a note to clarify that one of her non-narcotic pain medications could cause false positives for marijuana. (*Id.* ¶ 21). Despite providing the doctor's note, Defendant required Plaintiff to enroll in a drug treatment program. (*Id.* ¶ 22). Plaintiff complied and completed the program. (*Id.* ¶ 23). At the program's conclusion, Plaintiff was required to take another drug test, which was negative for marijuana, as she had discontinued her use of the medication. (*Id.* ¶ 24). Plaintiff returned to work and resumed use of the non-narcotic pain medication. (*Id.* ¶ 25). Defendant again drug tested Plaintiff, which yielded a positive result. (*Id.* ¶ 26). Plaintiff referred back to her doctor's note. (*Id.* ¶ 27). On July 3, 2023, Defendant terminated Plaintiff citing the results of her drug tests. (*Id.*).

Plaintiff alleges Defendant terminated her due to her disability, in violation of the American Disability Act, as Amended, 42 U.S.C. §12101, *et seq*. (the "ADA"). (*Id.* ¶ 29). Plaintiff brings claims under the ADA for discrimination, failure to accommodate, and retaliation. Defendant filed the pending motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must accept as true all of the factual allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the

2

complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

Moreover, "the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)… is inapplicable on a Rule 12(b)(6) motion to dismiss" because "*McDonnell Douglas* 'is an evidentiary standard, not a pleading requirement.'" *Holland v. LG Elecs. U.S.A., Inc.*, No. 3:20-CV-00706, 2021 WL 130529, at *2 (M.D. Tenn. Jan. 14, 2021) (internal citations omitted). Accordingly, at the motion to dismiss stage, a plaintiff is not required to plead all the elements in a *prima facie* case under *McDonnell Douglas*. *Jodry v. Fire Door Sols., LLC*, No. 3:20-CV-00243, 2020 WL 7769924, at *3 (M.D. Tenn. Dec. 30, 2020) ("since this is a Motion to Dismiss, and not a motion for summary judgment, Plaintiff is not required to carry a burden of presenting evidence establishing a *prima facie* case under *McDonnell Douglas*.").

### III. ANALYSIS

#### A. ADA Discrimination

At the motion to dismiss stage, the Court must consider "whether the complaint states a claim for relief that is plausible, when measured against the elements of an ADA claim." *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (internal citation omitted). To plausibly state an ADA discrimination claim, a plaintiff "must plead facts that make plausible the inference that (1) she is disabled, (2) she is qualified to perform her job requirements with or without reasonable accommodation, and (3) she would not have been discharged but for the disability." *Id.* (internal citations omitted). The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an

3

impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C.A. § 12102. The Sixth Circuit has recognized that "failure to consider the possibility of reasonable accommodation for known disabilities, if it leads to discharge for performance inadequacies resulting from the disabilities, amounts to a discharge solely because of the disabilities." *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 899 F.3d 428, 435 (6th Cir. 2018) (internal citation omitted). Moreover, "at the motion to dismiss stage, the requirement for pleading a 'disability' is not difficult to meet." *Milam v. ASCAP*, No. 3:23-CV-00238, 2023 WL 5673953, at *6 (M.D. Tenn. Sept. 1, 2023).

Here, Defendant attacks Plaintiff's ADA discrimination claim by arguing that Plaintiff did not plead a disability with sufficient facts and relied only on conclusory allegations. While thin, Plaintiff's allegations describe an automobile accident resulting in injuries that interfered with certain major life activities. (Am. Compl. ¶¶ 12–14). Plaintiff also alleges, albeit sparsely, that Defendant terminated her employment because of her disabilities. (*Id.* ¶ 29). Drawing all inferences in Plaintiff's favor, Plaintiff has stated a claim for discrimination under the ADA.

**B.     Failure to Accommodate**

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §12112(a). The ADA requires employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). To establish a failure to accommodate claim, Plaintiff "must plead facts that make plausible the inference that (1) she was disabled within the meaning of the ADA; (2) she

4

was otherwise qualified for the position, with or without reasonable accommodation; (3) [Defendant] knew or had reason to know about [Plaintiff's] disability; (4) [Plaintiff] requested an accommodation; and (5) [Defendant] failed to provide the necessary accommodation." *Holmes v. Dollar Tree Stores, Inc.*, No. 22-02114-MSN-TMP, 2022 WL 4362293, at *6 (W.D. Tenn. Sept. 2, 2022), *report and recommendation adopted*, No. 2:22-CV-2114-MSN-TMP, 2022 WL 4358104 (W.D. Tenn. Sept. 20, 2022) (internal citations omitted).

Here, Defendant raises two challenges as to Count Two: (1) failure to state a claim upon which relief can be granted and (2) failure to exhaust administrative remedies. In response, Plaintiff argues that she alleged facts that support the claim that she made a request for accommodation, specifically citing ¶¶ 16 and 17 of the Amended Complaint. (Doc. No. 21 at PageID # 82) (stating that "Ms. McDuffie requested the accommodation of continuing the use of her prescribed, non-narcotic, medication despite the fact that it would return a false positive for marijuana."). However, those paragraphs allege no such thing, but instead describe the medications prescribed to Plaintiff. The rest of the Amended Complaint is void of any facts related to a requested accommodation. Thus, Plaintiff fails to state a claim for reasonable accommodation. Because the court grants the motion as to Count Two for failure to state a claim, it need not address the argument relating to exhaustion of administrative remedies.

C. Retaliation

Plaintiff alleges that Defendant retaliated against her for making a request for accommodation (Am. Compl. ¶ 57). To establish a *prima facie* case of retaliation under the ADA, Plaintiff must show that: "(1) the plaintiff engaged in activity protected under the ADA; (2) the employer knew of that activity; (3) the employer took an adverse action against plaintiff; and (4) there was a causal connection between the protected activity and the adverse action." *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (internal citation omitted). "[S]o long as a

5

complaint provides an adequate factual basis for [an ADA retaliation] claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Lowrey v. RK Admin. Servs.*, No. 2:21-CV-5573, 2022 WL 2482839, at *5 (S.D. Ohio July 6, 2022) (internal citation omitted).

The only basis for retaliation plausibly alleged in the Amended Complaint is retaliation for requesting a reasonable accommodation. As stated, the Amended Complaint is void of any facts supporting a request for accommodation; thus, any resulting retaliation claim also fails.

## IV. CONCLUSION

For the reasons stated, Defendant's Amended Motion to Dismiss (Doc. No. 18) is **GRANTED** in part and **DENIED** in part.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE